```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**MARC AND TINA BANNER**                                           **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:05-CV-696WHB-JCS**

**CITY OF JACKSON AND FRED NELSON**                                **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Defendants to Dismiss for Immunity. Having considered the Motion, Response, and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken in part and not well taken in part and should be granted in part and denied in part.

### I. Factual Background and Procedural History

This action arises out of an automobile accident that occurred on September 16, 2004, between Plaintiff Marc Banner and Defendant Fred Nelson, a police officer for Defendant the City of Jackson ("the City"). While patrolling in a City of Jackson police car, Nelson collided with an automobile driven by Marc Banner. The accident occurred as Nelson attempted to merge off of Terry Road in Jackson, Mississippi, onto Interstate 55 South.

Plaintiffs Marc and Tina Banner filed this action on October 17, 2005, in the First Judicial District of the Circuit Court of Hinds County against Defendants the City and Nelson. In their

Complaint, Plaintiffs allege that, while in the course and scope of his employment as a City of Jackson police officer, Nelson was driving recklessly when the accident occurred and as a result, Marc Banner sustained serious bodily injury and property damage. Marc Banner's wife, Plaintiff Tina Banner, also asserted a derivative claim of loss of consortium.

On November 18, 2005, Defendants removed the action to this Court based on diversity of citizenship jurisdiction.[1] Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Defendants are entitled to immunity under the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq*.

## II. Legal Standard

Motions for dismissal under 12(b)(6) are "viewed with disfavor" and "rarely granted." Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). The court must interpret the complaint liberally in the plaintiff's favor, taking all facts pleaded in the complaint as true. Lowrey, 117 F.3d at 247 (quoting Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986)). Dismissal is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts

---

[1] Plaintiffs are residents of Louisiana and Defendants are residents of Mississippi.

in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (quoted in Lowrey, 117 F.3d at 247); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). "However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (ellipsis in original) (quoting Wright & Miller, Federal Practice & Procedure: Civil 2d § 1216 at 156-59).

### III.  Analysis

The Court begins its analysis by first considering whether Nelson can be held personally liable for the alleged damages sustained by Plaintiffs. Miss Code Ann. § 11-46-7(2) provides that:

> An employee may be joined in an action against a government entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, *but no employee shall be held personally liable for acts or omissions occuring within the course and scope of the employee's duties*.

(Emphasis added). Plaintiffs have admitted in their Complaint that Nelson was acting in the course and scope of his employment when the accident occurred; therefore, Nelson cannot be held personally liable to Plaintiffs. Foust v. McNeil, 310 F.3d 849, 863 (5th Cir. 2002).[2]

---

[2] Plaintiffs do not distinguish in the Complaint whether they are suing Nelson in his official and/or individual capacity. This

Having determined that Nelson is not personally liable, the Court must now consider whether the City is also entitled to immunity. In arguing that it has no liability, the City relies on Miss. Code Ann. § 11-46-9(1) which states as follows:

> A government entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> . . .
>
> > (c) Arising out of any act or omission of an employee of a government entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;
> > (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]

The City first argues that it is entitled to immunity under subsection (c) because Nelson, while providing police protection, was not acting in reckless disregard of the safety and well-being of Marc Banner when he merged into traffic. Despite Plaintiffs' allegation in the Complaint that Nelson drove recklessly, the City urges that Nelson's conduct, at worst, amounts to negligence.

---

distinction however is of little significance in this case. If Plaintiffs intended to name Nelson as a Defendant in his individual or personal capacity, he receives immunity under § 11-46-7(2). To the extent Nelson is named as a Defendant in his official or representative capacity, the City is the real party in interest. Mosby v. Moore, 716 So.2d 551, 557 (Miss. 1998) ("A suit against a public official in his official capacity is nothing more than a suit against the [governmental] entity.") (citing Hafer v. Melo, 502 U.S. 25 (1991)).

Second, the City argues that Nelson was performing a discretionary function while on patrol and therefore the City should receive immunity pursuant to subsection (d) of § 11-46-9(1).

As for immunity under subsection (c), the Court finds that the City has failed to prove that Plaintiffs can prove no set of facts that would entitle them to relief. Plaintiffs have alleged in their Complaint that Nelson acted with recklessness. Although Plaintiffs may or may not be able to produce evidence that tends to show that Nelson acted recklessly, Plaintiffs are nonetheless entitled to conduct discovery to determine whether such evidence exists. Thus, the Court, at this time, denies the City immunity under § 11-46-9(1)(c).[3]

The Court likewise finds that the City is not entitled to immunity under subsection (d). For purposes of § 11-46-9(1)(d), the Supreme Court of Mississippi has adopted the "public policy function test" to decide whether a governmental entity or its employees perform a discretionary function. City of Jackson v. Lipsey, 834 So.2d 687, 694 (Miss. 2003) (citing Jones v. Miss. Dep't of Trans., 744 So.2d 256, 260 (Miss. 1999)). Under this test, the Court must consider "(1)whether the activity [in question] involved an element of choice or judgment; and if so, (2) whether the choice or judgment . . . involves social, economic or political

---

[3] This ruling however does not prevent the City from moving for immunity on the basis of § 11-46-9(1)(c) after discovery has been conducted.

policy alternatives." Id. at 695. Nelson's operation of a police car while on patrol clearly did not involve a choice or judgment based on a social, economic or political policy alternatives.

In arguing that Nelson was performing a discretionary function, the City relies on Topps v. City of Hollandale, No. 4:99CV88-P-B; 2000 WL 1010334 (N.D. Miss. July 6, 2000). In Topps, the court, applying Mississippi law, held that a police officer in pursuit of a motorist was performing a discretionary function. Id. at *4. This Court however finds that Topps is out of step with current Mississippi law. The Topps court relied exclusively on Mosby v. Moore, 716 So.2d 551 (Miss. 1998), in holding that the police officer performed a discretionary function. Mosby however was based on law that predated the adoption of the Mississippi Tort Claims Act. Further, the Topps court did not evaluate the discretionary nature of the officers conduct under the public policy function test set forth by the Mississippi Supreme Court in Jones. It also appears that the holding of Topps has been called into doubt by Lipsey, wherein the Mississippi Supreme Court, applying the public policy function test, found that an officer who was responding to an emergency dispatch was not performing a discretionary function when his car collided with another motorist. Lipsey, 834 So.2d at 695. Thus, Defendants reliance on Topps is misplaced.

The Court therefore finds that Nelson was not performing a discretionary function when the accident occurred. Accordingly, the City is not entitled to immunity under § 11-46-9(1)(d).

### IV.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Immunity [docket entry no. 5] is well taken in part and not well taken in part and is hereby granted in part and denied in part. The Motion is granted in that Defendant Fred Nelson is entitled to sovereign immunity in his individual capacity and is therefore dismissed in his individual capacity. The motion is denied in all other respects.[4]

SO ORDERED this the 15th day of March, 2006.

                                s/William H. Barbour, Jr.
                                UNITED STATES DISTRICT JUDGE

---

[4] The motion is denied _without prejudice_ as to Defendants claim that the City is entitled to immunity under Miss Code Ann. § 11-6-49(1)(c).