IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARC and TINA BANNER                                        PLAINTIFFS

VS.                             CIVIL ACTION NO. 3:05cv696-WHB-LRA

CITY OF JACKSON, MISSISSIPPI                                DEFENDANT

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant for Summary Judgment.  The Court has considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority and finds that the Motion is well taken and should be granted.

### I. Factual Background and Procedural History

On September 16, 2004, Fred Nelson ("Nelson") was driving his motor vehicle while acting within the course and scope of his employment with the City of Jackson, Mississippi, Police Department.  Nelson was attempting to enter Interstate Highway 55 from Gallatin Street when his motor vehicle struck Plaintiff Marc Banner's vehicle, which was occupying the lane adjacent to the one in which Nelson was driving.  As a result of the collision, Marc Banner allegedly sustained a back injury as well as property damage to his vehicle.

On August 18, 2005, Plaintiffs submitted a Notice of Claim, which is required under Mississippi law before filing a lawsuit against a governmental entity.  The City of Jackson, Mississippi ("City of Jackson"), responded to the Notice of Claim by denying liability on September 19, 2005.  Thereafter, on October 17, 2005, Plaintiffs filed a lawsuit against Nelson and the City of Jackson in the Circuit Court for the First Judicial District of Hinds County, Mississippi, alleging claims of negligence, recklessness, and loss of consortium.  The lawsuit was timely removed to this Court on November 17, 2005, on the basis of diversity of citizenship jurisdiction.[1]  On March 15, 2006, Nelson was dismissed as a defendant from this case in accordance with Mississippi Code Annotated Section 11-46-7(2).  See Opinion and Order [Docket No.

---

[1]  Plaintiffs are citizens of the State of Louisiana, Nelson and the City of Jackson are considered citizens of the State of Mississippi, and Plaintiffs do not dispute that they seek greater than $75,000 in this case.  Accordingly, this Court may properly exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The Court notes that as Defendants are both Mississippi citizens for the purpose of diversity analysis, this case was not removable.  See 28 U.S.C. § 1441(b) (providing that cases, with the exception of those predicated on federal question jurisdiction, are "removeable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  The United States Court of Appeals for the Fifth Circuit has held that an improper removal under 28 U.S.C. § 1441(b) constitutes "a non-jurisdictional grounds for remand", which is waived unless raised by a party within thirty days of the date on which the case is removed.  See In re Shell Oil, 932 F.2d 1518, 1523 (5th Cir. 1991).  Plaintiffs, in the case sub judice, did not seek to remand this case on procedural or jurisdictional grounds and, therefore, waived the procedural defect in removal.

18].   The City of Jackson now moves for summary judgment on Plaintiffs' claims.

## II.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not,

3

however, support the motion with materials that negate the op-
ponent's claim.  Id.  As to issues on which the non-moving party
has the burden of proof at trial, the moving party need only point
to portions of the record that demonstrate an absence of evidence
to support the non-moving party's claim.  Id. at 323-24.  The non-
moving party must then go beyond the pleadings and designate
"specific facts showing that there is a genuine issue for trial."
Id. at 324.

    Summary judgment can be granted only if everything in the
record demonstrates that no genuine issue of material fact exists.
It is improper for the district court to "resolve factual disputes
by weighing conflicting evidence, ... since it is the province of
the jury to assess the probative value of the evidence."  Kennett-
Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).  Summary
judgment is also improper where the court merely believes it
unlikely that the non-moving party will prevail at trial.  National
Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th
Cir. 1962).


### III.  Legal Analysis

### A. Jurisdictional Grounds for Summary Judgment

    Plaintiffs' claims, because they are alleged against a
governmental entity, are governed by the Mississippi Tort Claims
Act ("MTCA"), codified at Mississippi Code Annotated Sections 11-

46-1, *et seq*.  See <u>Simpson v. City of Pickens</u>, 761 So. 2d 855, 858
(Miss. 2000) (finding that the MTCA "provides the exclusive civil
remedy against a governmental entity or its employees for acts or
omissions which give rise to a suit."). The City of Jackson is
considered a governmental entity for the purposes of the MTCA. <u>See</u>
M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 11-46-1 (g)&(i). <u>See</u> <u>also</u>, <u>Gale v. Thomas</u>, 759 So.
2d 1150, 1154 (Miss. 1999) (finding that the City of Jackson,
Mississippi, was a municipality for the purposes of the MTCA). The
City of Jackson argues that this case should be dismissed because
Plaintiffs failed to comply with the mandatory notice requirements
of the MTCA, specifically Sections 11-46-11(1) and (2).

In support of this argument, the City of Jackson first claims
that Plaintiffs failed to comply with Mississippi Code Annotated
Section 11-46-11(2), which provides:

> Every Notice of Claim required by Subsection (1) of [the
> MTCA] shall be in writing, and shall be delivered in
> person or by registered or certified United States mail.
> Every Notice of Claim shall contain a short and plain
> statement of the facts upon which the claim is based,
> including the circumstances which brought about the
> injury, the extent of the injury, the time and place the
> injury occurred, the names of all persons known to be
> involved, the amount of money damages sought and the
> residence of the person making the claim at the time of
> the injury and at the time of the filing of the notice.

To determine whether a claimant has satisfied the "mandatory"
notice requirement of Section 11-46-11(2), the Mississippi Supreme
Court has offered the following "to provide direction and clarity
to the courts":

As a practical example, the first category requires notice of the "circumstances which brought about the injury." In order to comply with this requirement, the notice need not disclose every single fact, figure and detail, but rather the substantial details, in order to comply with the requirements of MISS. CODE ANN. § 11-46-11(2). But, the failure to provide *any* of the seven statutorily required categories of information falls short of the statutory requirements and amounts to non-compliance with MISS. CODE ANN. § 11-46-11(2). However, where some information in each of the seven categories is provided, this Court must determine whether the information is "substantial" enough to be in compliance with the statute.

South Regional Med. Ctr. v. Guffy, 930 So. 2d 1252, 1258 (Miss. 2006).

Plaintiffs' Notice of Claim provides the following information: (1) the claimed injuries resulted because of a motor vehicle accident allegedly caused by Nelson, (2) the injuries allegedly received by Marc Banner include ruptured lumbar discs, (3) the date and location of the accident as reported on the State of Mississippi Uniform Crash Report by responding police officer Terrance Jackson ("Jackson"), (4) the names of persons involved in or with knowledge of the accident including Nelson, Marc and Tina Banner, and Officer Jackson, (5) a claim for $500,000 in damages, and (6) and (7) the address of Marc and Tina Banner at the time of the accident and at the time the Notice of Claim was submitted. See Resp. to Mot. for Summ. J., Ex. D ("Notice of Claim"). Having reviewed the Notice of Claim, the Court finds that Plaintiffs provided information regarding each of the categories in Section

11-46-11(2), and additionally finds that the information provided is "substantial enough" to comply with the statute.

Next, the City of Jackson argues that dismissal of this case is warranted because Plaintiffs failed to comply with the mandatory ninety-day notice period of the MTCA.[2]  In support of this argument, the City of Jackson cites Mississippi Code Annotated Section 11-46-11(1), which provides, in relevant part:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity...

MISS. CODE ANN. § 11-46-11(1) (emphasis added).  Thus, under Section 11-46-11(1), a plaintiff is required to wait ninety days after submitting his Notice of Claim before filing a civil complaint seeking damages.  The Mississippi Supreme Court has held that failure to strictly comply with this ninety-day notice period requires dismissal of the lawsuit.  See Guffy, 930 So. 2d at 1259 (citing University of Miss. Med. Ctr. v. Easterling, 928 So. 2d 815, 820 (Miss. 2006)).

Plaintiffs counter that as the City of Jackson denied liability after receiving their Notice of Claim, they were not

---

[2]  Plaintiffs submitted their Notice of Claim on August 18, 2005, and filed the subject lawsuit 60 days later on October 17, 2005.

required to wait ninety days before filing their lawsuit.  In support of this argument, Plaintiffs cite Mississippi Code Annotated Section 11-46-11(3), which provides, in relevant part:

> All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the ... actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days [or 120 days, depending on who receives the notice of claim], <u>during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim</u>.  After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity.

MISS. CODE ANN. § 11-46-11(3) (emphasis added).

The Mississippi Supreme Court has not addressed the specific issue of whether an individual must comply with the ninety-day notice period of Section 11-46-11(1) in cases, such as the one *sub judice*, in which the subject governmental entity receives, investigates, and denies liability on a Notice of Claim before the notice period expires.  The court has, however, previously addressed the interplay between Section 11-46-11(1) and Section 11-46-11(3) by explaining:

> This Court concludes that the term "maintain" as used in § 11-46-11, clearly refers to the filing of a lawsuit. The primary indication that the Legislature was referring to the filing of a lawsuit in § 11-46-11(1) is the fact

8

> that § 11-46-11(3) serves to extend the one year statute
> of limitations by an additional 95 days from the filing
> of notice [of claim]...  A statute of limitations serves
> to control the period in which a lawsuit may be filed,
> and the fact that the Legislature chose to extend the
> statute of limitations based on the requirements of
> subsection (1) indicates that the <u>Legislature intended
> for plaintiffs to wait ninety days from the providing of
> notice to file **any** lawsuit</u>.

<u>City of Pascagoula v. Tomlinson</u>, 741 So. 2d 224, 228 (Miss. 1999),

<u>overruled in part by</u> <u>Easterling</u>, 928 So. 2d 815 (Miss. 2006)

(emphasis added).  Based on the decision in <u>Tomlinson</u>, i.e. that

11-46-11(3) merely acts to extend the one-year statute of

limitations period governing MTCA claims, but does not otherwise

affect the ninety-day notice period, and the opinions of the

Mississippi Supreme Court requiring that a plaintiff strictly

comply with the ninety-day notice period prescribed in Section 11-

46-11(1),[3] the Court finds that Plaintiffs were required to wait

ninety days from the date on which they submitted their Notice of

Claim before filing their Complaint, regardless of the fact that

the City of Jackson denied liability on their claim.  Accordingly,

the Court finds that the City of Jackson is entitled to summary

judgment based on Plaintiffs' failure to comply with the mandatory

---

[3]    <u>See</u> <u>e.g.</u> <u>Guffy</u>, 930 So. 2d at 1259 (adopting "strict
compliance as to the ninety-day notice requirement under Mɪss. Cᴏᴅᴇ
Aɴɴ. § 11-46-11(1)); <u>Easterling</u>, 928 So. 2d at 820 ("We hold the
responsibility to comply with the ninety-day notice requirement
under Section 11-46-11(1) lies with the plaintiff.  <u>After the
plaintiff gives notice, he must wait the requisite ninety days
before filing suit.</u>").

notice provisions of Mississippi Code Annotated Section 11-46-11(1).[4]


## B. Substantive Grounds for Summary Judgment

Under the MTCA:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury ...

MISS. CODE ANN. § 11-46-9 (1)(c). Therefore, the City of Jackson cannot be liable for Plaintiffs' injuries unless it is found, by a preponderance of the evidence, that Nelson "acted in reckless disregard" of Marc Banner's safety.[5] See Simpson, 761 So. 2d at

───────────────

[4] The Court recognizes that as the Mississippi Supreme Court has not yet addressed the issue of whether the ninety-day notice period is mandatory in cases in which the governmental entity denies liability within ninety days after a Notice of Claim is submitted, the issue seems to be one of first impression that is generally resolved by way of an Erie guess. The Court finds, however, that such "guess" is not required in this case as the issue has been foreclosed by the prior decisions of the Mississippi Supreme Court, which have held that the ninety-day notice period is required in all cases, and that the language in Mississippi Code Annotated Section 11-46-11(3) applies only for statute of limitations purposes.

[5] There is no allegation that Marc Banner was engaged in criminal activity at the time the accident occurred.

859 (adopting the preponderance of the evidence standard of proof for cases under MISS. CODE. ANN. § 11-46-9 (1)(c)).

Although the term "reckless disregard" is not defined by the MTCA, the Mississippi Supreme Court has given it the following meaning:

> "Disregard" of the safety of others is at least negligence if not gross negligence. Because "reckless" precedes "disregard," the standard is elevated... In the context of [the MTCA], reckless must connote "wanton or willful," because immunity lies for negligence. And this Court has held that "wanton" and "reckless disregard" are just a step below specific intent.

Maye v. Pearl River Co., 758 So. 2d 391, 393-94 (Miss. 1999) (citations omitted).[6]  See also Orthopedic & Sports Injury Clinic v. Wang Labs., Inc., 922 F.2d 220, 224 n.3 (5th Cir. 1991):

> The terms 'willful,' 'wanton,' and 'reckless' have been applied to that degree of fault which lies between intent to do wrong, and the mere reasonable risk of harm involved in ordinary negligence.  These terms apply to

---

[6]  See Ogburn v. City of Wiggins, 919 So. 2d 85, 89 (Miss. Ct. App. 2005) (alterations in original):
"Reckless disregard" has been defined as "the voluntary doing by motorist of an improper or wrongful act, or with knowledge of existing conditions, the voluntary refraining from doing a proper or prudent act when such act or failure to act evinces an entire abandonment of any care and heedless indifference to results which may follow and the reckless taking of chance of accident happening without intent that any occur[.]" Turner, 735 So. 2d at 229.  The court also added that "reckless disregard is a higher standard than gross negligence by which to judge the conduct of officers," and it "embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act."  Id. at 229-30.

conduct which is still merely negligent, rather than
actually intended to do harm, but which is so far from a
proper state of mind that it is treated in many respects
as if harm was intended.  The ususal meaning assigned to
... the terms is that the actor has intentionally done an
act of unreasonable character in reckless disregard of
the risk known to him, or so obvious that he must be
taken to have been aware of it, and so great as to make
it highly probable that harm would follow.  It usually is
accompanied by a conscious indifference to consequences,
amounting almost to a willingness that harm should
follow.

The Court was not presented any evidence to show that Nelson

was distracted, was driving at an excessive rate of speed, or was

otherwise improperly operating his vehicle at the time the subject

accident occurred.  See Mot. for Summ. J., Ex. E, I.[7]  The only

evidence offered by Plaintiffs in support of the argument that

Nelson acted with "reckless disregard" is that "he attempted to

merge into a lane of travel already occupied by the Banner

vehicle."  See Mem. in Supp. of Resp. to Mot. for Summ. J., 4-5.

Specifically, Plaintiffs cite to Nelson's deposition during which

he testified that the first time he saw Marc Banner's vehicle was

when he (Nelson) was attempting to merge and/or when his vehicle

made contact with Banner's vehicle.  See Resp. to Mot. for Summ.

J., Ex. G (Nelson Dep., at 19, 24).  There is no evidence that

Nelson knew or suspected that Banner's vehicle was in the adjacent

_____

    [7]  According to Tina Banner, who was an eyewitness to the
accident, Nelson was not doing anything improper.  Instead, she
testified, "[Nelson] was just merging, and just merged onto the
next lane and hit my husband."  See Motion for Summ. J., Ex. I, at
11; Rebuttal to Mot. for Summ. J., Ex. H, at 9.

lane before the collision, or that his view of traffic in that lane was obstructed.

The Mississippi appellate courts have found that striking another vehicle, without more, does not rise to the level of "reckless indifference" required to maintain a cause of action under the MTCA. In <u>Joseph v. City of Moss Point</u>, 856 So. 2d 548 (Miss. Ct. App. 2003), <u>cert.</u> <u>denied</u> 860 So. 2d 315 (Miss. 2003), for example, the evidence showed that plaintiff was stopped at a red light, and that a police office for the City of Moss Point was stopped directly behind her. The police officer testified that he was reading a warrant while stopped at the traffic light, and that when he saw traffic in the lane next to him begin to move, he removed his foot from the brake pedal and began to accelerate. As the traffic his lane did not move, he struck plaintiff's vehicle from behind. The appellate court found that while the police office "was remiss in paying attention to traffic" his actions did not demonstrate a "blatant exhibition of reckless" and, therefore, he could not be held liable under the MTCA. <u>Id.</u> at 551. <u>See</u> <u>also</u> <u>Jackson v. Payne</u>, 922 So. 2d 48 (Miss. Ct. App. 2006) (finding that plaintiff could not recover under the MTCA for damages sustained in collision with police officer in a case in which the officer was traveling at a reasonable speed, regardless of the fact that the officer's actions violated Mississippi traffic law).

13

Plaintiffs have demonstrated that Nelson was negligent when he failed to ensure that the lane into which he was attempting to merge was not already occupied by another vehicle. This negligence, however is insufficient to survive summary judgment on a claim under the MTCA. See Jackson, 922 So. 48; Joseph, 856 So. 2d 548. As Plaintiffs' evidence is insufficient to show that Nelson acted in reckless disregard for the safety and well being Marc Banner, or that the danger involved in changing lanes on the interstate is "so obvious that [Nelson] must be taken to have been aware of it, and so great as to make it highly probable that harm would follow", the Court finds that Plaintiffs have failed to establish a genuine issue of material fact as to their MTCA claim and, therefore, that the City of Jackson is also entitled to summary judgment on the substantive allegations in this case.[8]

--------

[8]   As a matter of law, the City of Jackson is entitled to summary judgment on Plaintiff Tina Banner's loss of consortium claim, which is derivitive of her husband's MTCA claim. See MISS. CODE ANN. § 93-3-1 (providing a married woman the right to assert a "cause of action for loss of consortium through negligent injury of her husband"); McCoy v. Colonial Baking Co., Inc., 572 So. 2d 850, 853 (Miss. 1990) (adopting the approach of the American Law Institute on loss of consortium claims including that "a judgment for or against the injured party has preclusive effects on any such other person's claim for the loss [of consortium] to the same extent as upon the injured person.").

## IV.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant for Summary Judgement [Docket No. 28] is hereby granted.  A Final Judgment will be entered dismissing this case with prejudice.

SO ORDERED this the 5th day of February, 2007.


s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE